**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| LAW OFFICES OF MICHAEL J. | ) | CIVIL ACTION NO.: 9:26-cv-01381-BHH |
| HOWELL, P.A., MICHAEL J. | ) | |
| HOWELL AND MARGARET H. | ) | |
| UP DE GRAFF, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| KATHRYN K. FITZSIMMONS | ) | |
| | ) | |
| DEFENDANT. | ) | |
| _____ | ) | |

The plaintiffs, complaining of the defendants herein, respectfully alleges unto this

Honorable Court that:

**PARTIES**

1.    The Plaintiff Law Offices of Michael J. Howell, P.A. is a corporation in good

standing organized and existing pursuant to the laws of the State of South Carolina whose

principal place of business is located in Beaufort County, South Carolina. The practice of this

law firm is limited to probate, trust and estate matters.

2.    Plaintiff Michael J. Howell ("Michael") is the president of the law firm and is a

citizen and resident of Beaufort County, South Carolina. He is certified by the South Carolina

Supreme Court as a Specialist in Estate Planning and Probate Law.

3.    Plaintiff Margaret H. Up De Graff ("Margaret") is the vice-president of the law

firm in charge of the firm's Probate and Trust Administration and Settlement Division, and

is a citizen and resident of Beaufort County, South Carolina.

4. The plaintiffs are sometimes collectively referred to herein as the "Firm."

5. Defendant Kathryn K. Fitzsimmons is a resident of Savannah, Chatham County, Georgia.

## JURISDICTIONAL AVERMENTS

6. This Court has jurisdiction in this case pursuant to 28 U.S.C. §1332 because there exists a complete diversity of citizenship among the parties to the present action and the amount in controversy in this case exceeds $75,000.00.

7. This Court is the correct venue pursuant to 28 U.S.C. §1391 because this Judicial District and Division is where the alleged defamatory statements were made by the defendant, the statements were aimed at disparaging the plaintiffs' reputation among people located in the State of South Carolina, and it is where the events giving rise to the claim occurred.

## FACTUAL ALLEGATIONS

8. All preceding allegations are hereby reiterated as if fully restated verbatim herein.

9. Heretofore in the Spring of 2025, the Firm was engaged by defendant's mother to handle certain matters involving an estate and trust. Defendant was not a client of the Firm and there was no agreement between defendant and the Firm.

10. On April 15, 2025, defendant and her husband came to plaintiffs' offices on Hilton Head Island unannounced. Defendant's husband was rude and abusive to the Firm's staff and was so aggressive that Margaret told him to leave the premises and further told defendant that he was not welcome to return to or enter plaintiffs' offices in the future.

11. Thereafter, plaintiffs successfully completed the matters for which they had been engaged by the defendant's mother.

12.     Avvo is an online legal marketplace and directory providing profiles, ratings, and reviews for U.S. attorneys. It features a 1-10 proprietary rating system, client reviews, and a free Q&A forum where users can get legal advice from verified attorneys. Avvo is owned by Internet Brands; and, while designed to help users find legal help, Avvo is also a significant marketing tool for attorneys, who can pay for premium services to enhance their profiles.

## CAUSE OF ACTION FOR DEFAMATION

13.     All preceding allegations are hereby reiterated as if fully restated verbatim herein

14.     On December 18, 2025, Avvo.com published the following statements directly concerning Margaret and the Firm which were written by and submitted to Avvo by defendant:

> ***Caution***
>
> ***DO NOT*** *hire this woman! She's been handling an estate for us and has done nothing but manipulate the situation to her financial gain. She also has never once shown compassion for the loss of our family member. The estate was planned by her father so presumably would be a fairly quick and easy closure of the final estate. Instead she has drawn things out simply to maximize her income. She has made mistakes and then charged us for hours when we had to redo things because of her office missing errors the first time through. Things have been sent to incorrect addresses and we've had to commit hours to retrieving those items. All in all terribly unprofessional and perfectly willing to take her clients to the cleaners. I can only imagine what she would do to clients less aware than us. You might lose the entire value of your estate to her! So DO NOT HIRE THIS HORRIBLE WOMAN!*

15.     The above statements are both false and defamatory. The defendant was not a client of either Margaret, Michael or the Firm nor did the Firm lack professionalism, engage in financial manipulation for personal financial gain, draw out the probate process to maximize billable hours, or make administrative errors for which additional charges were imposed.

16.     The foregoing statements were not privileged and were published to third parties with actual malice in order to punish the Firm for ejecting defendant's husband from and barring him from their office or with reckless disregard for their truth or falsity.

17.     Further, the plaintiffs are informed and believe that the written statements are actionable per se in that they charge the plaintiffs with financial manipulation for personal gain which is a crime of moral turpitude, and they further imply that Margaret and Michael are unfit for their profession.

18.     In addition to general damages, plaintiffs have suffered special damages in that as a direct and proximate result of the publication of the defamatory review, and whereas historically over the past 15 years the Firm opens an average of at least 5 new estate probate files in the first half of each year, they have opened no new estates in 2026. The Firm has lost significant revenue in excess of $100,000.00 to date and continues to lose revenue as a result of the defendant's publication of the defamatory material.

19.     Plaintiffs are informed and believe that they are entitled to recover damages from the defendant as a result of its publication of the aforesaid defamatory remarks in such amount as the court may find just to compensate them for their actual, incidental and special damages as may have accrued at the time of trial, punitive damages, and the costs and disbursements of this action.

WHEREFORE, plaintiffs prays for Judgment against the defendant in such amount as the Court may find to be plaintiffs' actual, consequential and incidental damages, punitive damages, and the costs and disbursements of this action.

THIS SPACE INTENTIONALLY BLANK

LAUGHLIN AND BOWEN, P.C.

By: s/John R. C. Bowen
John RC Bowen
Federal Court ID# 1403
Attorneys for Plaintiff
P.O. Drawer 21119
Hilton Head Island, SC 29925
Telephone (843) 689-5700
Facsimile  (843) 689-9300
John@laughlinandbowen.com

April 1, 2026